1. Whether a sale of land (not listed) for taxes, after an advertisement in the papers of more than thirty but less than sixty days, be valid, so that the sheriff's deed passes a title to the purchaser.
2. Whether, on a sale for taxes of land not listed, it is not incumbent on the purchaser to give evidence that such sale had been advertised at the courthouse and other public places in the county as the law directs.
3. Whether a deed proved and registered agreeably to the act of 1715 does convey land, when it does not appear to have been made either on a good or valuable consideration. *Page 99 
One of the questions which arise in this case was decided in Martin v. Lucey, 5 N.C. 318, namely, whether a purchaser of land, sold for taxes, is bound to show that the sheriff advertised it agreeably to the directions of the act of Assembly. It is true, (125) in that case the lands had been listed, and it was only necessary to advertise them in the county in which they were situated, and in this case they have not been listed, in which case the additional duty is imposed upon the sheriff of advertising them in the State Gazette.
But, in principle, we consider them precisely the same. In both cases it is made the duty of the sheriff to advertise, but few persons would become purchasers, if it was incumbent upon them to prove that the sheriff had done his duty in that respect. We think it better to say that as the law has made it his duty to do so, persons who bid for the land may take it for granted that he has discharged that duty; otherwise they would be deterred from bidding, and the mischief to owners of land so sold would be greater, we apprehend, than would be experienced by not imposing the burden of proof upon purchasers.
We mean not, by this decision, to interfere with any remedy which the owners of lands so situated may have against a sheriff who may sell them without having previously advertised as the law directs.
As to the second question, namely, whether a deed made upon neither a good nor valuable consideration, but proved and registered agreeably to the directions of the act of 1715, does convey the land therein described, we are of opinion that the act was passed merely for the purpose of perpetuating titles to lands, and that no deed in itself invalid and inoperative is rendered so by the circumstance of its being registered.
Let there be judgment for the plaintiff.
NOTE. — See Avery v. Rose, 15 N.C. 549; Love v. Gates, 20 N.C. 368;Pentland v. Stewart, ibid., 396.
Cited: Avery v. Rose, 15 N.C. 556, 559.
(126)